United States Courts
Southern District of Texas
FILED

MAR 0 9 2005

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

CIVIL ACTION NUMBER __H 05 - 758__

## ORDER FOR CONFERENCE
## AND
## DISCLOSURE OF INTERESTED PARTIES

1.    Counsel shall appear for an initial pretrial and scheduling conference before

## UNITED STATES DISTRICT MAGISTRATE JUDGE FRANCES H. STACY

**ON July 18, 2005, AT 515 RUSK, AT 10:00AM**
**7TH FLOOR, COURTROOM #704, 515 RUSK,**
**HOUSTON, TX 77002**

2.    Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing all person, associations persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.    Fed. R. Civ.P.4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.    After the parties confer as required by Fed.R.Civ.P.Rule26(f), counsel shall prepare and file not less than 10 days before the conference a joint report of meeting and joint discovery /case management plan containing the information required on the attached form.

5.    The Magistrate Judge will enter a scheduling order and may rule on all non-dispositive pending motions at the conference. The parties must be prepared to argue all pending or anticipated motions of any sort.

6.    Counsel who file or remove an action must serve a copy of this Order with the summons and complaint or with the notice of removal.

cc:  Attorney

7.    Attendance by an attorney who has authority to bind the party is required at the conference. (Local Rule 8). The Court reserves the discretion of holding Conferences by phone.

8.    Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the Court of the results of their discussions.

9.    A person litigating **pro se** is bound by the requirements imposed upon counsel in this order.

10.    Failure to comply with this Order may results in sanctions, including dismissal of the action and assessment of fees and costs.

11.    Any request for a reset of this Conference must be filed in writing no later than seven business days prior to the Conference date.

**MELINDA HARMON**
**U. S. DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

JUDGE MELINDA HARMON
January 18, 2000

TO COUNSEL FOR PLAINTIFF:

## *THE ATTACHED MUST BE SERVED*
## *WITH THE SUMMONS AND COMPLAINT*

Your attention is directed to the attachments which are distributed in cases assigned to the Honorable Melinda Harmon.

A party removing a case to this Court has the same obligations as a Plaintiff filing an original complaint. Proof reflecting service of these orders and attachments must be filed with the Clerk by way of certificate of service.

The accompanying procedures are to be used in conjunction with the Local Rules and not as a substitute for them.

MICHAEL MILBY, Clerk

By:  Helen Tippen
     Case Manager to
     Judge Melinda Harmon



PROCEDURES MANUAL
FOR
THE HONORABLE MELINDA HARMON
U. S. DISTRICT JUDGE
515 Rusk Avenue
Courtroom 9C, 9th Floor
Chambers: 9114
Houston, Texas  77002



November 17, 2003

**PROCEDURES**
for
**THE HONORABLE MELINDA HARMON**
**U. S. District Judge**
**Courtroom 9C, 9th Floor**
**515 Rusk Avenue**
**Houston, Texas 77002**

Case Manager:
Helen Tippen
Post Office Box 61010
Houston, Texas 77208
Telephone: (713) 250-5518

<u>TABLE OF CONTENTS</u>PAGE NO(S).

I.Contact with Court and Court Personnel.................................................................1

II.Emergencies ......................................................................................................1

III.Court Settings

A.Transferred Cases..............................................................................................1

B.Appearances at Settings.....................................................................................2

C.Pretrial Procedures............................................................................................2
D.Trial Calendar2-3

IV.Motion Practice.............................................................................................3-4

V.Pretrial Conferences..........................................................................................4

VI.Required Pretrial Materials

A.Joint Pretrial Order............................................................................................4

B.Other Required Documents

Table of Contents

1.Court Trial4

2.Jury Trial5
3.For all trials and hearings.............................................................................5

<u>TABLE OF CONTENTS</u>
[continued]<u>PAGE NO(S)</u>.

VII.Courtroom Procedures:

A.Hours5

B.Telephone Calls...........................................................................................5

C.Filing of Pleadings......................................................................................5

D.Decorum5-6

E.Witnesses6

F.Seating6

G.Equipment6-7

H.Exhibits7

I.Depositions7-8
J.Post Evidence8

VIII.Sanctions8

IX.Settlement8

X.Attachments

A.Clerk's Telephone Directory....................................................................10-11

B.Consent to Proceed Before a Magistrate...................................................12

C.Joint Pretrial Order Form.........................................................................13-15

D.Witness List Form.....................................................................................16
E.Exhibit List Form......................................................................................17-19

## I. CONTACT WITH COURT AND COURT PERSONNEL

A. **COURT**: Counsel shall strictly abide by Appendix C of the Local Rules regarding communication with the Court.

B. **SECRETARY**: The Judge's secretary will not take telephone messages for counsel. Ex- parte contact by counsel through the secretary is forbidden.

C. **LAW CLERKS**: Counsel are not permitted to discuss cases or procedures with the Court's law clerks. At the Court's direction, law clerks may contact counsel; however, they will not discuss matters other than the subject of the call.

D. **CASE MANAGER**: The caseload will not allow the case manager to respond to telephone inquiries unless it is an emergency matter. Inquiries regarding motions, status of the case, etc., are not considered emergencies and should be addressed in writing to:

> United States District Clerk
> Post Office Box 61010
> Houston, Texas 77208

## II. EMERGENCIES

A. Applications for restraining orders or for other immediate relief shall be made through the case manager. Such applications shall be presented to the Court by the case manager following counsel's affirmation that the opposing party has been contacted and that both parties can be available for an in-chambers conference before the Court. Ex parte applications for restraining orders will not be entertained by the Court absent the prerequisites of Federal Rule 65(b).

B. Motions for extension of deadlines or cut-off dates are not emergencies.

## III. COURT SETTINGS

A. **TRANSFERRED CASES**:

When a case is **transferred** from another district judge to Judge Harmon, scheduling **orders**, trial dates, oral motion or other hearing dates, etc., **set by the prior judge will be reset** to another time, unless counsel are notified to the contrary.

B. **APPEARANCE AT SETTINGS**

1. The attorney designated on the pleadings as "in charge" must attend all settings before the Court, or send an attorney familiar with the case who has authority to make decisions binding on the party that is being represented.

2. The Court requires that counsel be on time for all settings.

3.  Failure to appear when notified of a setting will subject that attorney and/or their client to sanctions, including dismissal for want of prosecution and/or appropriate judgment.

4.  If out of town counsel wish to appear for conferences by telephone, arrangements should be made through the case manager as well in advance as possible.  The Court will attempt to accommodate such requests.

5.  If a settlement is reached and/or a serious conflict arises, counsel must notify the case manager no less than four (4) working days prior to the setting. Otherwise, counsel must appear at the setting and make the announcement to the Court.  Last minute motions or telephone requests for continuances will not be entertained by this Court.

C.  **PRETRIAL PROCEDURES**

1.  A final pretrial conference will be set for the Friday preceding the beginning of a trial term, as set to commence, as set out in the Scheduling Order.

2.  Counsel for the plaintiff is responsible for ensuring that the Final Joint Pretrial Order is filed *timely*.  If, for some reason, plaintiff fails to file the Joint Pretrial Order, then defendant(s) is responsible for filing the defendant's Proposed Pretrial Order.  All parties are responsible for complying with all requirements of the Final Joint Pretrial Order.  Unless otherwise ordered, Pretrial Order will be due ten (10) days prior to docket call.

3.  The required attachments - proposed Findings of Fact and Conclusions of Law or proposed Jury Instructions and Interrogatories; Memorandum of Law or Pretrial Brief; proposed Voir Dire Questions; Witness Lists; Expert Witness Qualifications; and Exhibit Lists - are a part of the Final Joint Pretrial Order and *must* be submitted for filing with such Order.

4.  Failure to appear and/or timely file the Final Joint Pretrial Order will subject counsel and his or her client to sanctions, including prohibition of the calling of witnesses or using exhibits, dismissal for want of prosecution and/or appropriate judgment.

D.  **TRIAL CALENDAR**

1.  Most civil cases will be set for trial and the trial date is set out in the Scheduling Order.

2.  **TRIAL TERM**.  Judge Harmon conducts a two (2) week trailing trial docket. The cases will be placed on a trailing docket for the scheduled two (2) weeks only and will be reached as close to the original trial date as possible.

3.  The case manager cannot ascertain when a case will be reached or where a case is on the docket in advance of the final pretrial conference.  After the two (2) week trial term begins, the case manager will keep in close touch with

counsel and every effort will be made to give maximum notice concerning trial settings. Counsel are hereby notified that they will be on call on short notice during that two-week trial term. Unless an attorney has actually commenced trial in another court, prior settings will not cause a case to be continued. Should an attorney be in trial in another court when his or her case is reached in Judge Harmon's court, the attorney may be expected to go into trial in Judge Harmon's court upon conclusion or settlement of the case in trial if the conclusion falls within the two- week period.

4.   If a case is not reached for trial during the designated term, it will be reset as soon as the docket schedule permits and counsel will be notified in writing.

5.   **CONTINUANCES.** The Scheduling Order governs the case and Judge Harmon expects diligence in meeting the deadlines set forth therein. Motions for continuance will be not be granted as a matter of course, and Judge Harmon expects counsel to strictly adhere to these dates. Joint motions for continuance are not binding, and they will be granted only at the Court's discretion. Bona fide vacation requests will be respected if they are made well in advance of the trial setting.

A trial will not be continued because of unavailability of a fact witness or an expert witness, including a medical witness. Counsel are expected to anticipate such possibilities and should be prepared to present testimony by written deposition, video taped deposition, or by stipulation.

6.   **SETTLEMENT:.** If a case is settled, prompt notice (written or verbal) shall be given to the case manager. If timely notice is given (i.e., at least 4 working days prior to the setting), counsel need not appear for trial. Upon announcement of settlement, the Court will enter a ninety (90) day order of dismissal. Counsel shall submit promptly the agreed final judgment for approval and entry.

## IV.   MOTION PRACTICE

A.   Judge Harmon follows the written motion practice as outlined in Local Rule 7, in most instances. Since most motions will be ruled on without an oral hearing, brief, clear motion papers are very important. The motion and response will be considered by the Court after the submission date.

B.   Requests for oral hearings are not necessary. The case manager will notify counsel should the Court determine that an oral argument would be beneficial.

C.   **DISCOVERY MOTIONS.** In order to curtail undue delay in the administration of justice, the Court will refuse to consider any and all motions for discovery unless moving counsel advises the Court, in the motion , that counsel have conferred (in person or by telephone) in a good faith effort to resolve the matters in dispute but are unable to reach an agreement. The statements shall recite the date, time and place of such conference, and the names of all parties participating therein. *UPON*

*THE COURT'S DISCRETION*, discovery motions may be referred to the Magistrate assigned to Judge Harmon.

D.   Since the resolution of discovery motions require the cooperation of counsel, the failure of any counsel to cooperate may result in the imposition of sanctions. The Court believes that most discovery disputes, especially those dealing with (1) scheduling, (2) the number, length and form of oral and written questions, and (3) the mechanics of document production, including protective orders, and the proper method of raising claims of privilege, can be resolved by counsel without the intervention of the Court.

## V.   PRETRIAL CONFERENCES

Pretrial conferences are discretionary with this Court and are not set routinely. Counsel may, however, request a settlement or pretrial conference by letter addressed to the case manager with copies to all counsel. The Court prefers that such letters set forth the agreement of all counsel that a conference is necessary and the reasons therefor.

## VI.   REQUIRED PRETRIAL MATERIALS

### A.   JOINT PRETRIAL ORDER

Counsel for the plaintiff is responsible for ensuring that the Joint Pretrial Order is filed on time. Follow the form distributed by the Court, adapting it within reason to the size and type of case. Joint Pretrial Orders must be signed by all counsel.

### B.   OTHER REQUIRED DOCUMENTS

1.   **COURT TRIAL**

   a.   Counsel shall submit, as part of the Final Joint Pretrial Order, proposed Findings of Fact and Conclusions of Law in duplicate, and Memorandum of Law or Pretrial Brief.

   b.   Counsel shall limit Post-Trial Briefs to specific questions assigned by the Court during or after trial.

2.   **JURY TRIAL**

   a.   Counsel shall submit, as part of the Final Joint Pretrial Order, proposed Voir Dire Questions, proposed Jury Instructions (with citation of authority on a separate page), and proposed Interrogatories to the Jury. Jury Instructions and Jury Interrogatories must be short, simple and concise.

   b.   Although voir dire questions are to be submitted, in most cases the Court will permit counsel to conduct their own voir dire examination in jury trials. Prior to the commencement of the voir dire, counsel for each party will receive a copy of a questionnaire on each prospective juror. This questionnaire will provide a comprehensive composite of each juror's

background to aid the attorneys in narrowing the questioning and shortening the voir dire.

3. **FOR ALL TRIALS AND HEARINGS**: include *FOUR COPIES* of the following:

    a.   Exhibit List;

    b.   Objections to Exhibits; and

    c.   Witness Lists.

## VII. COURTROOM PROCEDURES

Conduct of counsel during the presentation of a case will be governed by Local Rule 83 regarding Courtroom Procedures and will be strictly enforced. Counsel shall at all times enter and exit the courtroom by the front doors.

A. **HOURS**. Court will generally convene for trial at 9:00 a.m. and adjourn at 5:30 p.m. The lunch break is generally from 12:00 noon to 1:30 p.m. There will be a 15 minute recess during the morning and afternoon sessions, as appropriate.

B. **TELEPHONE CALLS**. The Judge's staff will not take messages for counsel. Please do not request the use of telephones in chambers; public pay phones are available on each floor.

C. **FILING OF PLEADINGS**. Pleadings submitted by counsel during the course of a trial should be presented in duplicate (original for filing; copy for the Court) to the case manager.

D. **DECORUM**.

1. All counsel and parties are expected to be seated at the counsel tables and ready to proceed when the Court is called into session. Counsel are expected to remain at the counsel tables and not go back and forth through the swinging doors.

2. Counsel may drink water in the courtroom, but no eating or other drinking is permitted. There is no smoking in the courtroom.

3. All counsel are expected to stand at all times when addressing the Court.

4. Counsel may question the witnesses either while standing at the lectern or seated at the counsel table, whichever is preferred.

5. Counsel shall conduct opening statements and closing arguments either from the lectern, standing before the jury, or facing the Court.

6. Additionally, counsel will ensure that all parties and witnesses refrain from chewing gum, drinking, eating, smoking or reading newspapers, books, etc. in

the courtroom.

E.  **WITNESSES.**

1.  Counsel are responsible for summoning witnesses into the courtroom and instructing them on courtroom decorum. Witnesses will be questioned while the attorney is seated at counsel table or standing at the podium. Permission to approach a witness must first be obtained from the Court.

2.  Counsel shall make every effort to elicit from the witnesses only information relevant to the issues in the case and to avoid cumulative testimony.

3.  Counsel should bear in mind the Court's hours and arrange for witnesses accordingly. The Court will not recess to permit counsel to call a missing witness unless he or she has been subpoenaed and has failed to appear.

F.  **SEATING.** The Court does not designate seating at counsel tables; this is determined on a first-come, first-served basis on the first day of trial.

G.  **EQUIPMENT.**

The courtroom is equipped with the following:

1.  Document camera

2.  Projector and screen

3.  VCR

4.  Annotation monitors on equipment stand and witness box

5.  Video and audio inputs at counsel tables, which provide for courtroom use of personal lap top computers and personal audio equipment.

6.  Real time transcription capability, depending on the court reporter.

Training and familiarization sessions can be set up by contacting the Court's case manager.

Counsel must consult with the case manager prior to bringing specialized equipment into the courthouse so that arrangements may be made with building security.

H.  **EXHIBITS.**

1.  The Court encourages joint exhibits to avoid voluminous duplication.

2.  All exhibits must be marked and exchanged among counsel *prior* to trial. The offering party will mark his own exhibits, placing the case number on each exhibit to be offered.

3.   Any counsel requiring authentication of an exhibit must so notify offering counsel in writing within five (5) business days after the exhibit is made available to opposing counsel for examination.   Failure to do so is an admission of authenticity.

4.   All exhibits will be offered and admitted into evidence as the *FIRST ITEM* of business at trial.   The Court will admit all exhibits listed in the Final Pretrial Order into evidence unless opposing counsel files written objections supported by authority at least three (3) business days before trial.

5.   Counsel will not pass exhibits to the jury during trial without obtaining permission in advance from the Court.   All admitted exhibits will go to the jury during its deliberations.

6.   Counsel for each party is required to provide the Court with an original and one copy of that party's exhibits in a properly tabbed and indexed notebook.

7.   Exhibits of unmanageable size (such as charts, diagrams, posters, etc.) shall be withdrawn immediately upon completion of trial and reduced reproductions or photographs substituted pursuant to Local Rule 79.2.

I.   **DEPOSITIONS.**

1.   The Court will accept the parties' agreement to use a deposition at trial even though the witness is available; otherwise, follow Rule 32, Fed. R. Civ. P.

2.   Before trial, counsel must provide the case manager with a copy of any deposition to be used at trial.

3.   Counsel will designate the portion of any deposition to be read by citing pages and lines in the Joint Pretrial Order.   Objections to those portions (citing pages and lines) with supporting authority must be filed at least three business days before trial; the Court will rule on the objections before the trial commences.

4.   Use of videotape depositions is permitted if counsel voluntarily edit them to resolve objections and incorporate rulings by the Court to objections.

J.   **POST EVIDENCE.**

1.   Counsel are to remain near the courtroom during jury deliberations to be immediately available for jury notes or a verdict, unless given permission to leave by the Court.

2.   After the jury and counsel are excused, counsel may not contact jurors unless otherwise permitted by the Court.

VIII.   **SANCTIONS**

It is expected that counsel comply with this Procedures Manual, the Local Rules for the Southern District of Texas, and the Federal Rules of Civil Procedure.

The Court will not be sympathetic toward those who seek to practice in this Court without regard to their obligations.

IX.    **SETTLEMENT**

The parties in every civil action must make a good-faith effort to settle; and settlement negotiations shall be entered into at the earliest possible time, well in advance of any pretrial conference.

Counsel should notify the case manager immediately if any matter is settled. If settlement occurs before a setting (i.e., pretrial conference, trial, etc.), counsel must appear and announce settlement at the setting, unless the case manager is notified at least four (4) working days prior to the setting.

X.    **ATTACHMENTS**

Attached on the following pages are:

A.    Telephone Directory for the Office of the Clerk;

B.    Consent to Proceed Before a Magistrate form;

C.    Instructions for filing a Joint Pretrial Order;

D.    Form to be used for a witness list; and

E.    Form to be used for exhibits.

# OFFICE OF THE CLERK
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

FOR INFORMATION REGARDING
THE FOLLOWING: ............................................................................... CALL

APPEALS ........................................................................................ 713-250-5529

ADMISSION OF ATTORNEYS ........................................................... 713-250-5492

BAIL BONDS, DISBURSEMENT ....................................................... 713-250-5546

BILL OF COSTS ............................................................................... 713-250-5525

CIVIL DOCKET COORDINATION CENTER ...................................... 713-250-5787

CASE MANAGERS TO DISTRICT JUDGES:
    Lynn N. Hughes .......................................................................... 713-250-5516
    David Hittner .............................................................................. 713-250-5511
    Kenneth Hoyt .............................................................................. 713-250-5515
    Sim Lake ..................................................................................... 713-250-5514
    Melinda Harmon .......................................................................... 713-250-5518
    John D. Rainey ............................................................................ 713-250-5571
    Ewing Werlein, Jr. ....................................................................... 713-250-5533
    Lee H. Rosenthal .......................................................................... 713-250-5517
    Vanessa Gilmore .......................................................................... 713-250-5512
    Nancy F. Atlas .............................................................................. 713-250-5407

CASE MANAGERS TO U. S. MAGISTRATE JUDGES:
    Calvin Botley ............................................................................... 713-250-5536
    Frances Stacy ............................................................................... 713-250-5565
    Nancy K. Johnson ........................................................................ 713-250-5534
    Mary Milloy ................................................................................. 713-250-5158

CLOSED CASES (Civil) ................................................................... 713-250-5543

COPY REQUESTS ............................................................................ 713-250-5543

[Directory Continued]

COURT REPORTERS .................................................................................... 713-250-5499

CRIMINAL CASES (Open & Closed) ....................................................... 713-250-5538

EXHIBIT RETRIEVAL ............................................................................. 713-250-5517

FILE ROOM .............................................................................................. 713-250-5543

FINANCIAL SECTION ............................................................................. 713-250-5546

INTERPRETERS ....................................................................................... 713-250-5667

JURY .......................................................................................................... 713-250-5645

LOCAL RULES ......................................................................................... 713-250-5525

MAGISTRATES (See Case Managers)

MONITION ................................................................................................ 713-250-5525

NATURALIZATION .................................................................................. 713-250-5553

PRISONER RELATED CASES ................................................................. 713-250-5533

REGISTRY FUNDS .................................................................................. 713-221-9548

SERVICE OF PAPERS .............................................................................. 713-250-5525

STATISTICAL INFORMATION ............................................................... 713-250-5535

SUMMONS ................................................................................................ 713-250-5525

TRANSCRIPTS ......................................................................................... 713-250-5499

WARRANT OF SEIZURE ......................................................................... 713-250-5525

XEROX COPIES ....................................................................................... 713-250-5543

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

}
}
Plaintiff}
}
vs.}CIVIL ACTION NO. H-
}
}
}
Defendant}

## CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

Under 28 U.S.C. Sec. 636(c), the parties to this civil matter waive their right to proceed before a district judge and consent to have a United States Magistrate Judge conduct all further proceedings, including the trial and judgment.

_____          _____

_____          _____

_____          _____

Appeal shall be to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. Sec. 636(c)(3),

unless all parties consent, by signing below, to appeal to a district judge under 28 U.S.C. Sec. 636(c)(4).

_____          _____

_____          _____

_____          _____

**[Note: File this with the Clerk
only if it has been signed by all the parties.]**

-------------------------------------------------------------

## ORDER OF REFERENCE

It is ORDERED that this matter is assigned to United States Magistrate Judge _____ to conduct all further proceedings, including final judgment.

Date:_____          _____
                               MELINDA HARMON
                               UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
                              }
                              }
         Plaintiff(s)}
                              }
            vs.}CIVIL ACTION NO. H- _____
                              }
                              }
                              }
         Defendant(s)}
```

## JOINT PRETRIAL ORDER

1.   **APPEARANCE OF COUNSEL**

   List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

2.   **STATEMENT OF THE CASE**

   Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates and places.

3.   **JURISDICTION**

   Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

4.   **MOTIONS**

   List pending motion.

5.   **CONTENTIONS OF THE PARTIES**

   State concisely in separate paragraphs each party's claims.

6.   **ADMISSIONS OF FACT**

   List all facts that require no proof.

7.   **CONTESTED ISSUES OF FACT**

   List all material facts in controversy.

8.   **AGREED PROPOSITIONS OF LAW**

   List the legal propositions that are not in dispute.

9.   **CONTESTED PROPOSITIONS OF LAW**

State briefly the unresolved questions of law, with authorities to support each.

10.   **EXHIBITS**

  A.   On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel.  All documentary exhibits must be exchanged before trial, except for the rebuttal exhibits or those whose use cannot be anticipated.

  B.   A party requiring authentication of an exhibit must notify the offering counsel in writing within five (5) days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

  C.   Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; the court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

  D.   Parties must mark their exhibits to include the date and case number on each.

  E.   At the trial, the first step will be the offer and receipt in evidence of exhibits.

11.   **WITNESSES**

  A.   List the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony.  Include the qualifications of expert witnesses; these will be used to qualify the expert at trial.

  B.   Include:

        "If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

12.   **SETTLEMENT**

        State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried.

13.   **TRIAL**

  A.   Probable length of trial; and

  B.   Logistical problems, including availability of witnesses, out-of-sate people, bulky exhibits, and demonstrations.

14.   **ATTACHMENTS**

  Include these required attachments:

  A.   For a jury trial:

        (1)   Proposed questions for the voir dire examination.

(2)   Proposed charge, including instructions, definitions, and special interrogatories, with authority.

B.   For a non-jury trial:

(1)   Proposed findings of fact (without repeating uncontested facts); and

(2)   Conclusions of law, with authority.

Date: _____

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

Approved:

Date: _____

_____

Attorney-in-Charge, Plaintiff

Date: _____

_____

Attorney-in-Charge, Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
                              }
                              }
               vs.}CIVIL ACTION NO. H-_____
                              }
                              }
```

WITNESS LIST OF

1.

2.

3.

4.

5.

6.

7.

8.

9.

10.

11.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____)CA/CR NO. _____
                                            }
                    _____}
                                            }
VS.}JUDGE _____
                                            }
                    _____}
}_____    _____
_____}COURTROOM CLERKCOURT REPORTER
                                    )
_____}_____
                                            PROCEEDING

                        _____
                                    EXHIBIT LIST OF

| NO. | DESCRIPTION | OFFR | OBJ | DATE | |
|-----|-------------|------|-----|------|------|
| | | | | ADMIT | N/ADMIT |
| | _____ | | | | |
| | _____ | | | | |
| | _____ | | | | |
| | _____ | | | | |
| | _____ | | | | |
| | | | | | |
| | _____ | | | | |

EXHIBIT LIST OF _____          CA/CR NO. _____

| NO. | DESCRIPTION | OFFR | OBJ | DATE ADMIT / N/ADMIT |
|-----|-------------|------|-----|----------------------|
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |
|     |             |      |     |                      |

# **<u>EXAMPLE</u>**

PLTF. __*GMAC*__
EXHIBIT _*14*_
·H-85-604
JURY  TRIAL

EXHIBIT  STICKER
Color  Preferred

Plaintiff  -  Yellow
Defendant  -  Blue

**UNITED STATES DISTRICT COURT**                   **SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

_____                §
                                                §
V.                                              §        C. A. No. _____
                                                §
_____

INSTRUCTIONS FOR THE PREPARATION OF THE
**JOINT REPORT OF THE MEETING &**
**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

## Please restate the instruction before furnishing the information.

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

3.   Specify the allegation of federal jurisdiction.

4.   Name the parties who disagree and the reasons.

5.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

6.   List anticipated interventions.

7.   Describe class-action issues.

8.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

9.   Describe the proposed agreed discovery plan, including:

   A.   Responses to all the matters raised in Rule 26(f).

   B.   When and to whom the plaintiff anticipates it may send interrogatories.

C.    When and to whom the defendant anticipates it may send interrogatories.

D.    Of whom and by when the plaintiff anticipates taking oral depositions.

E.    Of whom and by when the defendant anticipates taking oral depositions.

F.    List expert depositions the plaintiff anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

G.    List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

12.    State the date the planned discovery can reasonably be completed.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

16.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

17.    State whether a jury demand has been made and if it was made on time.

18.    Specify the number of hours it will take to present the evidence in this case.

19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

20.    List other motions pending.

21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

22.    List the names, bar numbers, addresses and telephone numbers of all counsel.