UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANN W HUMPHREY, *individually and on behalf of all others similarly situated* | } } } | |
| Plaintiff, | } } | |
| VS. | } } | CIVIL ACTION NO. H-05-758 |
| UNITED WAY OF THE TEXAS GULF COAST, *et al*, | } } } | |
| Defendants. | } | |

## OPINION & ORDER

Pending before the court is Defendants' motion for leave to file a second amended answer (Doc. 94).  The scheduling order in this case establishes August 15, 2005, as the deadline for amending pleadings (Doc. 22.)  When a scheduling order deadline has been issued by the district court and has expired, Federal Rule of Civil Procedure 16(b) governs the amendment of the pleadings. *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).

Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16(b).  To establish "good cause," a party needing an extension must demonstrate to the court that the deadlines cannot reasonably be met despite the party's due diligence.  *S & W Enterprises*, 315 F.3d at 535 (citing 6A Charles Alan Wright, *Federal Practice and Procedure* § 1522.1 (2d ed.1990)).  Only once the moving party demonstrates good cause to modify the scheduling order deadline may a court address whether amendment is proper under the more liberal standards of Federal Rule of

1 / 3

Civil Procedure 15(a). *Id.* at 536.[1]  Four factors are weighed to determine whether to grant or deny untimely motions for leave to amend: (1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *Id.*

Here, Defendants seek to amend their answer to add four defenses to this recently-certified class action: failure to exhaust administrative remedies, statute of limitations, lack of reliance, and waiver.  (Defs.' 2nd Am. Ans. ¶¶ 142-45, Doc. 94 Ex. A.)  These defenses may apply, according to Defendants, to the claims of "some potential class members."  (Defs.' Mot. 3, Doc. 94.)  Defendants argue that all four factors in determining whether to grant or deny untimely motions for leave to amend weigh in their favor.

Having weighed the four factors, the court finds that leave to amend should not be granted in this case.  While the court recently certified the class, this matter has been a putative class action since it was filed on March 9, 2005.  Indeed, many of the defenses Defendants seek to add have been argued and briefed to this court in both the cross-motions for summary judgment, which remain outstanding, and the motion for class certification.  Defendants' explanation that these defenses were not cognizable until after the court certified the class is unavailing.  Accordingly, it is hereby

**ORDERED** that Defendants' motion to for leave to file a second amended answer (Doc. 94) is **DENIED**.

---

[1] **Error! Main Document Only.**  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment.  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 2000). In determining whether to grant leave to amend, the court may consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182.

SIGNED at Houston, Texas, this 7th day of September, 2007.

Melinda Harmon
United States District Judge