**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Ann W. Humphrey, individually and
on behalf of all others similarly situated,

       Plaintiff

v.

United Way of the Texas Gulf Coast**,**
a Texas non-profit corporation, and
United Way of the Texas Gulf Coast
Cash Balance Plan,

       Defendants.

Case No. H 05-758
Hon. Melinda Harmon
Mag. Frances H. Stacy

---

**PLAINTIFF/CLASS REPRESENTATIVE ANN W. HUMPHREY'S OBJECTIONS TO**
**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING MEDIATION**
**AND REQUEST FOR EXPEDITED CONSIDERATION**[1]

      Plaintiff/Class Representative Ann W. Humphrey ("Humphrey") has encouraged defendants

to participate in mediation for many months, and intensified her efforts following the Court's

opinion on her motion for certification of the Class.  However, Humphrey objects to staying all

proceedings during mediation and to other aspects of Defendants' Motion to Stay Proceedings and

for Mediation ("Stay Motion") in light of the current posture of the case.

      As an initial matter, there is outstanding issue of who is eligible for an Early Retirement

Pension ("ERP").  This was the subject of the October 12, 2007 Rule 16 Conference, and the Court

has not yet ruled on that issue.  Humphrey believes the Court's ruling on that issue must precede the

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meaning ascribed to them in the Complaint or United Way of the Texas Gulf Cost Cash Balance Plan, as amended and restated effective January 1, 1996 ("96Plan"), as the case may be.

1

parties' attempt to mediate the dispute.  Class Counsel and Humphrey cannot be sure who they are, or should be, representing in the mediation without the Court's ruling.

Additionally, the parties and mediator will need damages information in order to mediate the dispute to settlement.  At a minimum, the damages information needed is as follows:

For all persons who earned a pension under the Prior Plan and 96Plan and **received an ERP** based on meeting the requirements under §5.3 of the 96Plan (i.e., at least age 55, but not age 65, and at least 5 years of service **OR** at least age 50, but not age 55, and age + service = at least 65) --

name
social security number
last known address
date of birth
date of hire
termination date
benefit commencement date
if elected lump sum, amount distributed and whether it was present value of Participant's Prior Plan accrued benefit or Participant's Account Balance (as defined in First Amendment to 96Plan)
if elected annuity, the monthly amount and whether it was the Prior Plan accrued benefit or an annuity derived from the Participant's Account Balance
total Contribution Credits
total Interest Credits


For all persons who earned a pension under the Prior Plan and 96Plan and (i) **received a Deferred Vested Retirement Pension ("DVP")**, and (ii) as of their benefit commencement date, satisfied the age requirement under §5.3 (i.e., at least age 55, but not age 65, and at least 5 years of service **OR** at least age 50, but not age 55, and age plus service = at least 65) --

name
social security number
last known address
date of birth
date of hire
termination date
benefit commencement date
if elected lump sum, amount distributed and whether it was present value of Participant's Prior Plan accrued benefit or Participant's Account Balance (as defined in First Amendment to 96Plan)
if elected annuity, the monthly amount and whether it was the Prior Plan accrued benefit or an annuity derived from the Participant's Account Balance
total Contribution Credits

total Interest Credits

For all persons who earned a pension under the Prior Plan and 96Plan and **received a Normal Retirement Pension ("NRP")** –

name
social security number
last known address
date of birth
date of hire
termination date
benefit commencement date
if elected lump sum, amount distributed and whether it was present value of Participant's Prior Plan accrued benefit or Participant's Account Balance (as defined in First Amendment to 96Plan)
if elected annuity, the monthly amount and whether it was the Prior Plan accrued benefit or an annuity derived from the Participant's Account Balance
total Contribution Credits
total Interest Credits


For all persons who earned a pension under the Prior Plan and 96Plan and **received a Late Retirement Pension ("LRP")** –

name
social security number
last known address
date of birth
date of hire
termination date
benefit commencement date
if elected lump sum, amount distributed and whether it was present value of Participant's Prior Plan accrued benefit or Participant's Account Balance (as defined in First Amendment to 96Plan)
if elected annuity, the monthly amount and whether it was the Prior Plan accrued benefit or an annuity derived from the Participant's Account Balance
total Contribution Credits
total Interest Credits

<u>For all persons who earned a pension under the Prior Plan and 96Plan and (i) are **still employed by UNT or a Participating Agency** or have terminated service, but not yet received their Pension, and (ii) have **not attained age 65**, but have **at least 5 years of service**</u> –

name
social security number
last known address
date of birth
date of hire
total Contribution Credits as of settlement date (assuming mediation results in a settlement)
total Interest Credits as of settlement date (assuming mediation results in a settlement)

<u>For all persons who earned a pension under the Prior Plan and 96Plan, and (i) are **still employed by UNT or a Participating Agency** or have terminated service, but not yet received their Pension, and (ii) are (or were when they terminated) **at least age 65** (no years of service requirement where Participant terminates service at or after age 65; see §§5.1, 5.2, 6.3 and 6.4 of 96Plan)</u> --

name
social security number
last known address
date of birth
date of hire
total Contribution Credits as of settlement date (assuming mediation results in a settlement)
total Interest Credits as of settlement date (assuming mediation results in a settlement)

The foregoing groupings are based on the persons Humphrey identified as being eligible for an ERP and, thus, members of the Class. Humphrey identified those persons (i) in her dispositive briefs, (ii) in her class certification motion and brief and reply brief, (iii) at oral argument on her class certification motion, (iv) in her written submission of Points for the Court to Consider in Connection with the October 12, 2007 Rule 16 Conference, and (v) during oral argument at the Rule 16 Conference. Without advance clarification from the Court as to who is in the Class and the requisite damages information for each Class member, it will be impossible to mediate this dispute to settlement. Moreover, in order to effectively work with the damages information before and during the settlement, it must be produced in Excel spreadsheet format (unconverted to any other

format) <u>at least</u> two weeks before the mediation.

Finally, the Court should reject defendants' argument that a stay of proceedings is necessary because (according to defendants) "United Way's Counsel has determined that additional filings relating to the above motions [i.e., the parties' cross-motions for summary judgment and submissions relating to the October 12, 2007 Rule 16 conference] may need to be filed." The deadline for filing dispositive motions has long passed, and, at the end of the Rule 16 conference, defendants' counsel represented that there were no other issues the Court needed to consider in connection with that conference. As importantly, defendants' motion to substitute counsel expressly stated that the substitution would not be "urged as a ground for continuing any deadline." The Court should flatly refuse to countenance this abrupt about face.

Wherefore, Humphrey requests that the Court (i) DENY defendants' request to stay the proceedings, or at least DENY any stay with respect to the Court's anticipated ruling on the Rule 16 Conference issue; and (ii) with respect to any mediation of this dispute, ORDER defendants to produce to Humphrey's attorneys the following information <u>at least</u> two weeks before the mediation:

(A) For each Class member (as clarified by the Court's anticipated ruling as to who is eligible for an ERP), the respective damages information delineated above in Excel spreadsheet format; and

(B) As to any person who will participate in the settlement negotiations (either directly or indirectly), the person's--

    -name
    -relationship and title, if any, with respect to UNT or any Participating Agency, including any insurer
    -relationship and title, if any, with respect to Baker Botts, Mercer or any other law firm or actuarial firm, including any insurer
    -employer

-business address.[2]

A proposed Order is attached hereto.

Respectfully submitted,

/s/ Eva T. Cantarella (attorney in charge)

Hertz Schram PC
By: Bradley J. Schram (MI Bar #P26337)
    Robert P. Geller (MI Bar #P34391)
    Eva T. Cantarella (MI Bar #P51917)
ecantarella@hertzschram.com
Attorneys for Plaintiff
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
Dated: November 2, 2007
off. (248) 335-5000; fax. (248) 335-3346

Bruckner Burch PLLC
By: William H. Bruckner (TX Bar # 03240500)
Local Counsel for Plaintiff
1000 Louisiana, Ste. 1300
Houston, TX 77002
off. (713) 877-8788; fax.(713) 877-8065

Dated: November 2, 2007

---

[2]   Other than Class Counsel, Humphrey anticipates that the only other person who will participate in any mediation on behalf of the Class would be an actuary who would be available by phone.  Humphrey will identify the actuary she selects for this purpose if and when there is an order or stipulation to mediate the dispute.

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 2, 2007, I caused to be served on the following attorney in charge for defendants, a copy of (i) Plaintiff/Class Representative Ann W. Humphrey's Objections to Defendants' Motion to Stay Proceedings Pending Mediation and Request for Expedited Consideration, (ii) this Certificate of Service, and (iii) a proposed Order, via the Court's CM/ECF system.


Reagan M. Brown (TX Bar 0316220)
Fulbright & Jaworski LLP
Fulbright Tower
1301 McKinney, Ste. 5100
Houston, TX 77010
off. (713) 651-5151

<u>/s/ Eva T. Cantarella (attorney in charge for plaintiffs)</u>
Eva T. Cantarella

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

Ann W. Humphrey, individually and
on behalf of all others similarly situated,

     Plaintiff

v.

United Way of the Texas Gulf Coast**,**
a Texas non-profit corporation, and
United Way of the Texas Gulf Coast
Cash Balance Plan,

     Defendants.

Case No. H 05-758
Hon. Melinda Harmon
Mag. Frances H. Stacy

---

### <u>ORDER</u>

The Court having read and considered Defendants' Motion To Stay Proceedings Pending Mediation And Request for Expedited Consideration and Plaintiff/Class-Representative Ann W. Humphrey's objections to the motion, hereby **DENIES** any stay with respect to the Court's upcoming ruling on the Rule 16 Conference issue, which will clarify who is in the Class; and (ii) with respect to any mediation of this dispute, **ORDERS** defendants to produce the following information <u>at least</u> two weeks before the mediation:

(A) For each Class member, all information necessary to calculate the Class member's damages in Excel spread sheet format (unconverted to any other format), which information shall, at a minimum, include–

1

<u>For all persons who earned a pension under the Prior Plan and 96Plan and **received an Early Retirement Pension ("ERP")** based on meeting the requirements under §5.3 of the 96Plan (i.e., at least age 55, but not age 65, and at least 5 years of service **OR** at least age 50, but not age 55, and age + service = at least 65)</u> --

name

social security number

last known address

date of birth

date of hire

termination date

benefit commencement date

if elected lump sum, amount distributed and whether it was present value of Participant's Prior Plan accrued benefit or Participant's Account Balance (as defined in First Amendment to 96Plan)

if elected annuity, the amount and whether it was the Prior Plan accrued benefit or an annuity derived from the Participant's Account Balance

total Contribution Credits

total Interest Credits

<u>For all persons who earned a pension under the Prior Plan and 96Plan and (i) **received a Deferred Vested Retirement Pension ("DVP")**, and (ii) as of their benefit commencement date, satisfied the age requirement under §5.3 (i.e., at least age 55, but not age 65, and at least 5 years of service **OR** at least age 50, but not age 55, and age plus service = at least 65)</u> --

name

social security number

last known address

date of birth

date of hire

termination date

benefit commencement date

if elected lump sum, amount distributed and whether it was present value of Participant's Prior Plan accrued benefit or Participant's Account Balance (as defined in First Amendment to 96Plan)

if elected annuity, the amount and whether it was the Prior Plan accrued benefit or an annuity derived from the Participant's Account Balance

total Contribution Credits

total Interest Credits

2

<u>For all persons who earned a pension under the Prior Plan and 96Plan and **received a Normal Retirement Pension ("NRP")**</u> --

name
social security number
last known address
date of birth
date of hire
termination date
benefit commencement date
if elected lump sum, amount distributed and whether it was present value of Participant's Prior Plan accrued benefit or Participant's Account Balance (as defined in First Amendment to 96Plan)
if elected annuity, the amount and whether it was the Prior Plan accrued benefit or an annuity derived from the Participant's Account Balance
total Contribution Credits
total Interest Credits


<u>For all persons who earned a pension under the Prior Plan and 96Plan and **received a Late Retirement Pension ("LRP")**</u> --

name
social security number
last known address
date of birth
date of hire
termination date
benefit commencement date
if elected lump sum, amount distributed and whether it was present value of Participant's Prior Plan accrued benefit or Participant's Account Balance (as defined in First Amendment to 96Plan)
if elected annuity, the amount and whether it was the Prior Plan accrued benefit or an annuity derived from the Participant's Account Balance
total Contribution Credits
total Interest Credits

3

For all persons who earned a pension under the Prior Plan and 96Plan and (i) are **still employed by UNT or a Participating Agency** or have terminated service, but not yet received their Pension, and (ii) have **not attained age 65**, but have **at least 5 years of service** --

name
social security number
last known address
date of birth
date of hire
total Contribution Credits as of settlement date (assuming mediation results in a settlement)
total Interest Credits as of settlement date (assuming mediation results in a settlement)

For all persons who earned a pension under the Prior Plan and 96Plan, and (i) are **still employed by UNT or a Participating Agency** or have terminated service, but not yet received their Pension, and (ii) are (or were when they terminated) **at least age 65** –

name
social security number
last known address
date of birth
date of hire
total Contribution Credits as of settlement date (assuming mediation results in a settlement)
total Interest Credits as of settlement date (assuming mediation results in a settlement); and

(B) As to any person who will participate in the settlement negotiations (either directly or

indirectly), the person's--

    -name
    -relationship and title, if any, with respect to UNT or any Participating Agency, including any insurer
    -relationship and title, if any, with respect to Baker Botts, Mercer or any other law firm or actuarial firm, including any insurer
    -employer
    -business address

Dated: November ___, 2007      _____

                                Honorable Melinda Harmon,
                                United States District Judge
                                for the Southern District of Texas, Houston Division

4