**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANNA W. HUMPHREY, individually and on behalf of all others similarly situated,<br>*Plaintiff*<br>v.<br><br>UNITED WAY OF THE TEXAS GULF COAST, a Texas non-profit corporation, and UNITED WAY OF THE TEXAS GULF COAST CASH BALANCE PLAN<br>*Defendants* | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | CIVIL ACTION NO. H-05-0758 |

**ORDER ON CLASS DEFINITION**

I.     Background

In this ERISA case, Plaintiff Ann W. Humphrey ("Humphrey"), as a beneficiary of Fredrick Blackmer ("Blackmer"), seeks the payment of pension benefits accrued under a plan sponsored by defendant United Way of the Texas Gulf Coast ("United Way"). Until 1996, United Way maintained the plan as a traditional defined benefits plan (the "89 Plan" or "Prior Plan"). Concerned about funding obligations, United Way switched to a cash balance plan (the "96 Plan" or "New Plan"). Both plans allowed qualified Participants the option to elect an Early Retirement Pension ("ERP"). This case concerns a dispute over how the ERP should be calculated for Participants who had accrued benefits under the both the Prior Plan and the 96 Plan.

Section 6.5 of the original version of the 96 Plan provides that Participants electing early retirement may collect an ERP consisting of what they would have been entitled to under the 89 Plan ***plus*** what they are entitled to under the 96 Plan. This language was amended in part in 1997 to provide that an ERP benefit under section 6.5 would be calculated using the ***greater of*** the benefit under the two Plans. Nevertheless, the second paragraph of section 6.5 remained unchanged and

-1-

provided that "*[n]otwithstanding any provision of the* [96 Plan] *to the contrary*, any Participant [who meets certain qualifications] shall be entitled to an Early Retirement Pension equal to at least the Pension amount derived from . . .[the 89 Plan] *plus* the pension earned under [the 96 Plan]." The "plus" language remained in effect until 2002, when 96 Plan was amended for the last time. United Way did not provide notice to beneficiaries of the these amendments.

Blackmer, now deceased, was a Participant in both the Prior Plan and the 96 Plan. After working for over 25 years, he decided to retire at age 63. Before retiring however, he sought a calculation of his pension benefits. Initially, United Way agreed that the "plus" methodology was correct. The dispute during the administrative proceeding was whether United Way had calculated the 89 Plan and 96 Plan pensions accurately. It evolved into the current lawsuit when United Way took the position, after Blackmer had exhausted his administrative remedies, that the "greater of" methodology was actually the correct calculation and that the "plus" language in the 96 Plan was a mistake. United Way admits that it used the "greater of" methodology when calculating Blackmer's pension benefits. Indeed, United Way admits that, since the inception of the 96 Plan, it has always used the "greater of" methodology when calculating ERP benefits under the 96 Plan.

Humphrey brought the current suit seeking to enforce the "plus" methodology of the 96 Plan. The parties filed competing motions for summary judgment on the substantive issue of whether United Way acted in an arbitrary and capricious manner in calculating ERP benefits using the "greater of" methodology. The motions have been extensively briefed and are ripe for ruling.

Humphry also moved for class certification, proposing that the class be defined as:

> All Participants or Former Participants (as those terms are defined in the Plan), and beneficiaries of such Participants or Former Participants, who (1) as of 12/31/95, had accrued a pension under the Prior Plan (as defined in the Plan), (2) were or hereafter are eligible

>   for an Early Retirement Pension under the Plan ("ERP"), and (3)
>   either received an ERP or are eligible to receive an ERP or hereafter
>   become eligible to receive an ERP.

The Court certified the class under class definition proposed by Plaintiff finding that (1) Humphry had satisfied the class certification prerequisites of Rule 23(a) and (2) class certification under Rule 23(b) was appropriate because the plan had acted on grounds applicable to the class as a whole and that monetary damages were incidental to the declaratory relief sought, i.e., that the plan should calculate ERP benefits under the 96 Plan according to the "plus" methodology. The Court also ordered that notice be provided to the class.

Subsequent to Court's certification of the Humphry class, a dispute arose concerning which Participants qualified as class members under the Court's class definition. The Court held a Rule 16 Conference on October 12, 2007, to discuss class composition issues. Shortly thereafter, United Way filed an unopposed motion to substitute its counsel of record. The Court granted the substitution. United Way then moved to stay the proceedings pending mediation. The Court granted the motion to stay and ordered the parties to mediation to resolve the class composition controversy and the merits of the Humphrey's claims against the plan. Mediation was unsuccessful. Humphrey has now requested rulings on the issues regarding class composition and the pending motions for summary judgment.

II.     Discussion

This order addresses class composition. Both parties have filed numerous memoranda concerning this issue (Docs. 103, 104, 105 and 106), and United Way, with new counsel, has filed a supplemental brief (Doc.119). Humphry has moved to strike this supplemental brief as well as a supplemental brief filed by United Way concerning the summary judgment issues

(Doc. 120). (Pl.'s Mot. to Strike, Doc. 121). Because the supplemental briefs aid in the just resolution of all the remaining issues before the Court, Plaintiff's motion to strike both supplemental briefs is **denied**.

Four types of pensions under the 96 Plan are relevant to the class definition controversy here: (1) the Normal Retirement Pension ("NRP"), (2) the Late Retirement Pension ("LRP"), (3) the Early Retirement Pension ("ERP"), and (4) the Deferred Vested Retirement Pension ("DVP"). Each type requires certain eligibility requirements, which are laid out in Article V of the 96 Plan. Section 6.7 of the 96 Plan explicitly states that DVP-eligible Participants may age into eligibility for an ERP and be entitled to have the pension calculated under section 6.5.

The parties agree that Participants who have received either a direct ERP or a deferred vested ERP are members of the class. They dispute whether the following groups are members of the class: (1) active or former Participants who are currently eligible or may become eligible to elect an ERP under sections 5.3 or 6.7; (2) active or former Participants who accrued benefits under the two Plans but who are no longer eligible to elect an ERP; and (3) Participants who have received either a NRP or a LRP. The Court addresses each of the disputed groups in turn.

      1.    Active or former Participants who are currently eligible or may become eligible to elect an ERP under sections 5.3 or 6.7

The Court finds that these Participants are members of the class. The rights of these class members are directly affected by the Court's determination of which ERP calculation is appropriate under section 6.5. That these Participants have not made an election as to their retirement benefits does not interfere with their eligibility for ERP benefits under the 96 Plan. United Way's argument that it may be subject to more liability if these class members receive notice

of their potential class membership is without merit.[1]

        2.      Active or former Participants who accrued benefits under the two Plans but who are no longer eligible to elect an ERP are not part of the class.

The Court finds that these Participants are not part of the class. Unlike the active and former Participants who are or were eligible to receive an ERP calculated under section 6.5 of the 96 Plan, these Participants are no longer affected by the Court's interpretation of which methodology applies to calculate an ERP benefit. The Court is not persuaded by Plaintiff's argument that language in section 6.5 means that all Participants who accrued a pension under both the Prior Plan and the 96 Plan are eligible for an ERP calculated under section 6.5. Such an interpretation would render meaningless those sections dealing with different types of retirement pensions. If a Participant is no longer eligible to elect an ERP, then that Participant is not similarly situated to the class representative and cannot be part of the class.

        3.      Participants who have received either a NRP or a LRP are not part of the class.

The Court finds that these Participants are not part of the class. Participants who received a NRP under section 6.3 or a LRP under Section 6.4 are not similarly situated to the class representative, whose ERP pension was calculated under Section 6.5. Moreover, once a Participant has received their pension benefits in a form other than an ERP, he is no longer eligible to receive an ERP.

III.      Conclusion

Having considered the arguments of counsel in both the briefing and at the Rule 16

---

[1] This is especially true given that, to date, no notice of the amendments to section 6.5 of the 96 Plan has been provided to the beneficiaries of the Plan.

conference, the Court **FINDS**, subject to the other general requirements of the class definition, as follows:

    1.    Participants who have received an ERP are part of the class.

    2.    Participants who have received a deferred vested ERP are part of the class.

    3.    Active or former Participants who are currently eligible or may become eligible to elect an ERP under sections 5.3 or 6.7 are part of the class.

    4.    Active or former Participants who accrued benefits under the two Plans but who are no longer eligible to elect an ERP are not part of the class.

    5.    Participants who have received either a NRP or a LRP are not part of the class.

Accordingly, it is hereby

**ORDERED** that Defendants shall provide Plaintiff with all the necessary information to identify the members of the class as clarified above by February 23, 2008. It is further

**ORDERED** that Plaintiff shall send a copy of the approved Notice of Class Action to the members of the class as clarified above by regular mail no later than February 29, 2008.

**SIGNED** at Houston, Texas, this 19th day of February, 2008.

                                            MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE