IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANN W. HUMPHREY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED WAY OF THE TEXAS GULF COAST, a Texas non-profit corporation, and UNITED WAY OF THE TEXAS GULF COAST CASH BALANCE PLAN,<br><br>Defendants. | C.A. NO. H-05-00758<br>Hon. Melinda Harmon<br>Mag. Frances H. Stacy |

## FINAL JUDGMENT

WHEREAS, a class action lawsuit is pending before this Court in the above-referenced case, the class having been certified by the Court pursuant to the Memorandum Opinion and Order Certifying Humphrey Class dated August 14, 2007 (Doc. 87); and August 14, 2007 Order of Clarification (Doc. 89); and an Order on Class Definition dated February 19, 2008 (Doc. 123) (collectively, "Class Certification Order");

WHEREAS, the Court granted Named Plaintiff's motion for summary judgment and denied the motion for summary judgment of United Way of the Texas Gulf Coast ("UNT") and United Way of the Texas Gulf Coast Cash Balance Plan ("Plan") in an Opinion and Order dated March 28, 2008 (Doc. 125);

WHEREAS, the Court signed a Final Judgment on December 9, 2010 (Doc. 171), and signed an Amended Final Judgment on October 14, 2011 (Doc. 193);

WHEREAS, UNT and the Plan appealed the Amended Final Judgment to the United States Court of Appeals for the Fifth Circuit where the case was docketed under No. 11-20617 (the "Appeal"), and the United States Court of Appeals for the Fifth Circuit signed an order dated April 11, 2012, granting the joint motion to remand the case on Appeal to the Court for class action settlement proceedings (Doc. 210);

WHEREAS, the Named Plaintiff Ann W. Humphrey, individually and on behalf of all others similarly situated, the Class Representative (collectively referred to as "Humphrey"), and UNT and the Plan, collectively referred to as the "Parties," filed, pursuant to Fed. R. Civ. P. 23(e), a Joint Motion for Order Preliminarily Approving Proposed Settlement (Doc. 211) ("Joint Motion for Preliminary Approval") of this action in accordance with the terms and provisions of a Class Action Settlement Agreement, dated June 21, 2012, by and among Humphrey, UNT and the Plan ("Settlement Agreement"), which set forth the terms and conditions for a proposed settlement of the action and for dismissal of the action with prejudice as to UNT and the Plan (the "Settlement"), and is attached as Exhibit A to the Joint Motion for Preliminary Approval;

WHEREAS, the Court conducted a hearing on the Joint Motion for Preliminary Approval on June 27, 2012, with counsel for the Parties, and entered an Order Preliminarily Approving Settlement (Doc. 215) ("Preliminary Approval Order"), which Order conditionally certifies a Settlement Class, preliminarily approves the Settlement Agreement, and approves, as to form and content, the notice of proposed class action settlement, and set August 23, 2012 at 3:00 p.m. as the date and time for a fairness hearing;

WHEREAS, The Preliminary Approval Order directed the Parties to give notice of the proposed class action settlement and the fairness hearing, and a Certificate of Mailing Notice (Doc. 217) demonstrates that on July 3, 2012, a copy of the Notice of Rights under Proposed

Class Action Settlement ("Class Notice") was (i) mailed to each member of the class certified by the Court, and (ii) posted on the Hertz Schram PC Website;

WHEREAS, the deadline for filing objections to the Proposed Class Action Settlement, as set forth in the Court's Preliminary Approval Order, was August 9, 2012 at 5:00 p.m.; no objections were filed by the deadline; and no objections have been filed since the deadline;

WHEREAS, on or about June 29, 2012, an interest bearing escrow account known as the Ann W. Humphrey Class Action Qualified Settlement Fund ("Qualified Settlement Fund") was established as a qualified settlement fund account under Section 468B of the Internal Revenue Code and Treasury Regulations promulgated thereunder, with The Huntington Bank serving as escrow agent;

WHEREAS, on or about July 17, 2012, the Class Settlement Amount was deposited into the Qualified Settlement Fund;

WHEREAS, a fairness hearing was conducted on August 23, 2012, at which time all interested persons were given an opportunity to be heard, in order to determine whether:

    (a)    the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

    (b)    this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(1) for purposes of the Settlement;

    (c)    the Settlement has been negotiated at arm's length by Humphrey and Class Counsel on behalf of the Settlement Class members; Humphrey has acted independently; Humphrey's interests are identical to the interests of the Settlement Class members; and the negotiations and consummation of the

Settlement by Humphrey on behalf of the Settlement Class members do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b);

(d)   the proposed Plan of Allocation of the Settlement is fair, reasonable, and adequate and should be approved by this Court;

(e)   a new final judgment should be entered that approves the Settlement, the Plan of Allocation and the releases contained in the Settlement Agreement, and dismisses the action with prejudice;

(f)   Class Counsel's application for an award of attorneys' fees and expenses is fair, reasonable, and adequate and should be approved by the Court;

(g)   the Court should rule upon such other matters as contemplated by the Settlement Agreement or as the Court deems just and proper.

WHEREAS, the Court has read and considered the Settlement Agreement and the Plan of Allocation, and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed about the proposed Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.   This final judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings set forth in the Settlement Agreement.

2.   The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the proposed Settlement Class, UNT, and the Plan.

3.  The Court approves the Settlement Agreement, including the releases contained therein, and the settlement as being fair, reasonable, and adequate to the Settlement Class, and not the product of collusion between the parties.

4.  This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(1) for purposes of the Settlement.

5.  The Settlement Class being the same as the class previously certified by this Court in the Class Certification Order, Order of Clarification, and Order on Class Definition (Docs. 87, 89, 123), for the purposes of the settlement the Court now finds and concludes, for all of the reasons set forth in the Court's Certification Order, that:

(a)  With respect to the Plaintiffs' Released Claims: (1) the members of the Settlement Class are so numerous that joinder of all Class members in this action is impractical; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of Humphrey are typical of the claims of the Settlement Class; and (4) in negotiating and entering into the Agreement, Humphrey and her Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class members;

(b)  With respect to the Settlement Class members' claims: (1) the prosecution of separate actions by individual Settlement Class members would create a risk of inconsistent or varying adjudications with respect to such individual Settlement Class members that would establish incompatible standards of conduct for UNT and the Plan; and (2) adjudications with respect to individual Settlement Class members would, as a practical matter, dispose of the interests of other individual Settlement Class members, or substantially impair or impede the

ability of other such individual Settlement Class members to protect their interests.

6.   With respect to the Settlement Class members' claims, the Settlement Class is hereby certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1) in accordance with the following definition:

> *"Settlement Class"* shall mean: all Participants or Former Participants (as those terms are defined in the Plan), and beneficiaries of such Participants or Former Participants, who (1) as of 12/31/1995, had accrued a pension under the Prior Plan (as defined in the Plan), (2) were or hereafter are eligible for an Early Retirement Pension under the Plan ("ERP"), and (3) either received an ERP or are eligible to receive an ERP or hereafter become eligible to receive an ERP. Subject to the foregoing general requirements, the Settlement Class includes: (i) Participants who have received an ERP, (ii) Participants who have received a Deferred Vested Pension (as defined in the Plan) after satisfying the age requirements for Early Retirement under section 5.3 of the Plan, and (iii) Participants or Former Participants who are currently eligible or may become eligible to receive an ERP under section 5.3 or 6.7 of the Plan. The Settlement Class does not include Participants or Former Participants who have received a Normal Retirement Pension or a Late Retirement Pension (as those terms are defined in the Plan), nor does it include Participants or Former Participants who are no longer eligible to elect an ERP.

7.   The Court finds that the Settlement was negotiated at arm's length by Humphrey and Class Counsel on behalf of the Settlement Class members; Humphrey acted independently; Humphrey's interests are identical to the interest of the Settlement Class members; and the negotiations and consummation of the Settlement by Humphrey on behalf of the Settlement Class members do not constitute "prohibited transactions" as defined by ERISA sections 406(a) or (b).

8.   The Court finds that the Plan of Allocation (Doc. 212) of the settlement is fair, reasonable, and adequate, and is approved by the Court.

9.   The Court finds that the mailing of the Class Notice, in the manner set forth in paragraphs 9(a) and (b) of the Court's Preliminary Approval Order (Doc. 215), and carried out

by the Parties (Doc. 217) constitutes the best notice practicable under the circumstances to all Settlement Class members who can be identified through reasonable effort, and constitutes valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

10. All persons who fall within the definition of the Settlement Class are hereby subject to and bound by: (a) the provisions of the Settlement Agreement, (b) the releases contained therein, and (c) this final judgment with respect to all of Plaintiff's Released Claims, as that term is defined in the Settlement Agreement.

11. In order to fully effectuate the Settlement that the Court has approved, the Final Judgment signed on December 9, 2010 (Doc. 171) is vacated in its entirety.

12. In order to fully effectuate the Settlement that the Court has approved, the Amended Final Judgment signed on October 14, 2011 (Doc. 193) is vacated in its entirety.

13. The Court has carefully reviewed Class Counsel's Petition for Costs and Attorneys' Fees from Settlement Fund (Doc. 216), and finds that the amounts of attorneys' fees and costs set forth in the petition are supported by substantial evidence and are fair, reasonable and adequate. The Court therefore approves the following awards:

    (a)    $1,666,212.25 in attorneys' fees;

    (b)    $116,951.98 in costs.

The Court, having approved the Settlement Agreement, orders that in accordance with Section 10.2 of the Settlement Agreement, the above awards of attorneys' fees and costs are to be paid solely from the Class Settlement Amount that has been deposited in the Qualified Settlement Fund.

14. In accordance with the Settlement Agreement that the Court has approved, this action is hereby dismissed with prejudice as to UNT and the Plan and against Humphrey and the Settlement Class, and Humphrey and the Settlement Class members take nothing against UNT and the Plan. Humphrey and each of the Settlement Class members, on behalf of themselves, their successors, assigns, and any other person claiming, now and in the future, through or on behalf of them, are deemed to have, and by operation of this final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims against the UNT Releasees, as those terms are defined in the Settlement Agreement that the Court has approved, and shall have agreed not to sue all on such Plaintiffs' Released Claims against the UNT Releasees, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Plaintiffs' Released Claims against the UNT Releasees.

15. The Court retains jurisdiction over all proceedings arising out of or related to the Settlement Agreement.

Done this 23rd day of August, 2012

_____
UNITED STATES DISTRICT JUDGE